UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WARNER BROS. RECORDS INC.,

        Plaintiff,

    v.

THIRD POWER ENTERPRISES, INC. dba 3rd
POWER ENTERPRISES, INC., COLD CHILLIN'
RECORDS AND VIDEO INC. dba COLD
CHILLIN' RECORDS & VIDEO, INC., TYRONE
WILLIAMS, AND JOHN DOES 1-60,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INDEX NO. 04 Civ. 9583 (MGC)

(ECF CASE)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
JUDGMENT BY DEFAULT**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Phone: (212) 351-4000

Attorneys for Plaintiff Warner Bros. Records Inc.

## PRELIMINARY STATEMENT

Plaintiff Warner Bros. Records Inc. ("WBR") seeks the entry of a default judgment based on Defendants' willful months-long defiance of this Court's Order that they obtain new counsel or, with respect to one individual defendant only, notify this Court of an intent to appear pro se.

On September 7, 2005, this Court granted Defendants' counsel's motion to withdraw as counsel and ordered that Defendants Third Power Enterprises, Inc. ("Third Power") and Cold Chillin' Records and Video, Inc. ("Cold Chillin'") obtain new counsel and that individual Defendant Tyrone Williams ("Williams") inform the Court that he has either obtained counsel or will represent himself, both by October 24, 2005 (the "Order"). Defendants were given written notice of this Court's Order on two separate occasions—once by their former counsel, Ms. Maureen Fogel, Esq., and once by Plaintiff's counsel, Ms. Cynthia Arato. Defendants, moreover, were expressly warned by the Court that they would be subject to a default judgment for a failure to comply with the Order. Still, more than three months after the deadline set by the Court, all of the Defendants have defied the Court's Order.

Defendants' abuse of the judicial system should be ended now. Defendants have repeatedly and unjustifiably delayed this litigation for two years: Defendants failed to answer the Complaint for more than 5 months; failed to submit their initial disclosures in a timely manner; failed entirely to respond to Plaintiff's discovery requests; and failed to comply with the Court's clear Order. Defendants, moreover, were expressly warned by the Court that their failure to abide by the Court's Order would subject them to a default judgment. Moreover, a default should be entered against Third Power and Cold Chillin' because they are not represented by counsel and are therefore precluded from appearing in this action. Accordingly, Plaintiff respectfully requests that the Court now enter a default judgment against all Defendants.

## STATEMENT OF FACTS

**The Action**

On December 6, 2004, Plaintiff WBR brought claims for declaratory relief and copyright infringement in this action against Defendants Cold Chillin', Third Power and Tyrone Williams. Affidavit of Cynthia Arato, sworn to on January 31, 2006 ("Arato Aff."), ¶ 2. Plaintiff WBR avers in the Complaint that WBR has been the exclusive owner of all right, title and interest in and to certain sound recordings and related artwork (the "Warner Recordings") since January 1, 2002, at which time WBR's prior assignment of the Warner Recordings to Cold Chillin' automatically expired by its own terms on December 31, 2001. Id., ¶ 2, Exhibits A-B. Plaintiff WBR alleges in the Complaint that upon information and belief, Defendants Cold Chillin', Third Power and Tyrone Williams have maintained they are the owners of the Warner Recordings and have licensed, distributed, manufactured and/or otherwise exploited the Warner Recordings subsequent to December 31, 2001. Id.

Among other things, Plaintiff WBR seeks in its First Claim for Relief a declaratory judgment that (i) it is the sole and exclusive owner of the copyrights in the Warner Recordings[1]; and (ii) Defendants' unauthorized exploitation of the Warner Recordings constituted willful infringement of WBR's copyrights. Id., ¶ 3. Plaintiff WBR seeks in its Second and Third Claims for Relief, a judgment that the Defendants had infringed and willfully infringed WBR's copyrights. Id. Finally, WBR seeks a permanent injunction prohibiting Defendants Cold Chillin', Third Power and Tyrone Williams and others from licensing, manufacturing,

---

[1] WBR and/or its label, Reprise Records, have obtained from the U.S. Copyright Office copyright registrations for each of the Warner Recordings and Artwork at issue, copies of which are attached as Exhibits C-Y of the Arato Affidavit.

distributing, otherwise exploiting and/or holding themselves out as owners of these works in the future. Id. Plaintiff WBR is not seeking in this application for a default judgment either damages or recovery of attorney's fees pursuant to its Second and Third Claims for Relief.

**Defendants' Initial Default**

Defendants failed timely to respond to the Complaint and forced Plaintiff to move for a default judgment in March 2005. Id., ¶ 4, Exhibit Z. Plaintiff withdrew its motion for default judgment on June 23, 2005, after counsel for Defendants, Ms. Maureen Fogel, Esq., contacted Plaintiff's counsel and represented that her clients would properly appear in, and defend, the action. Id., ¶ 4. Plaintiffs failed to file an answer until July 7, 2005 or timely to serve their initial disclosures under Fed. R. Civ. P 26(a). Id., ¶ 5. Moreover, Defendants have not responded to any of the discovery requests served upon them by Plaintiff, although such responses were due on September 15, 2005. Id.

**Defendants' Counsel's Motion to Withdraw and the Now-Violated Court Order**

The parties last appeared before this Court on September 7, 2005, for a hearing on the motion to withdraw submitted by Defendants' counsel, Maureen Fogel, Esq. of Herzfeld & Rubin, P.C. Id., ¶ 6. At this time, the Court granted the motion to withdraw and ordered Defendants Third Power and Cold Chillin' to secure new counsel and Defendant Williams to notify the Court whether he would appear pro se, both within 45 days, or by October 24, 2005, or be subject to a default judgment. Id. Following the Court's directive, Ms. Fogel wrote to her clients, informing them of the Court's Order and that they would be subject to a default judgment if they did not comply with the Court's deadline of October 24, 2005, for obtaining new counsel or notifying the court of a pro se appearance. Id., Exhibit AA.

4

Defendants Third Power, Cold Chillin' and Tyrone Williams failed to comply with the Court's Order by October 24, 2005. Neither Third Power nor Cold Chillin' advised the Court that they had obtained new counsel, and no such counsel appeared in this action. Defendant Tyrone Williams did not advise the Court whether he had obtained new counsel or would represent himself. Id., ¶ 7.

On October 31, 2005, Plaintiff WBR sent a letter to the Court explaining that Defendants had defied the Court's Order and requesting that a default judgment be entered. Id., ¶ 8, Exhibit BB. All Defendants were served with copies of this letter. Id., ¶ 8. Defendants have continued to defy the Order since October 31, 2005, when they were sent copies of WBR's letter to this Court. Id., ¶ 9.

## ARGUMENT

### I. Plaintiff's Motion for Default Should Be Granted As to All Defendants Because Defendants Violated the Court's Order.

Defendants failed to comply with the Court's September 7, 2005 Order, even though they were warned that a failure to comply with the Court's Order could result in a default being entered against them. Defendants Cold Chillin' and Third Power did not obtain new counsel and Defendant Tyrone Williams did not inform the Court whether he had obtained new counsel or would represent himself by October 24, 2005. Indeed, none of the Defendants have made an appearance in this action since September 7, 2005, when their counsel moved the Court to withdraw as counsel. Thus, all three Defendants are in violation of the Court's Order of September 7, 2005.

The Court may grant a motion for default judgment based on Defendants' violation of this Court's Order to obtain new counsel. Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849 (2d Cir. 1995) (affirming default judgment against party who failed to comply with court order);

5

Knox v. Palestine Liberation Organization, 230 F.R.D. 383 (S.D.N.Y. 2005) (granting motion for default judgment based on defendant's failure to comply with the court's order to file an answer).

Defendants, moreover, have inexcusably delayed this litigation on several occasions before their clear violation of this Court's Order. First, Defendants failed timely to respond to the Complaint and forced Plaintiff to move for a default judgment in March 2005. Next, when Defendants finally obtained counsel, they failed to file an answer until July 7, 2005 or to timely serve their initial disclosures under Fed. R. Civ. P 26(a). Further, Defendants have not responded to any of the discovery requests served upon them by Plaintiff, although such responses were due on September 15, 2005.

Because Defendants have failed to comply with this Court's order and inexcusably delayed this litigation yet again, the Court should grant Plaintiff's motion for default.

## II. Plaintiff's Motion for Default Should Be Granted Against Defendants Cold Chillin' and Third Power Because Corporations Must Be Represented by Counsel.

It well settled that a corporation must be represented by counsel. Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20 (2d Cir. 1983) (affirming dismissal of complaint for failure to prosecute when corporate plaintiff failed to obtain counsel); Eagle Assoc's v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991) (affirming default judgment based on corporate defendant's failure to secure counsel and stating rule that corporations must appear through a licensed attorney); Bank of China v. NBM, LLC., No. 01 Civ. 0815 (DC), 2005 WL 1713052 (S.D.N.Y. July 22, 2005) (granting default judgment after defendants failed to comply with court order to obtain new counsel by a specific date); Nike, Inc., v. Top Brand Company, Ltd., No. 00 Civ.8179 KMW RLE, 2005 WL 1654859 (S.D.N.Y. July 13, 2005) (same). Defendants Cold Chillin' and Third Power have not obtained new counsel in this litigation despite the Court's clear

Order that they were to obtain counsel by October 24, 2005. A default judgment should be entered against these Defendants for failing to appear through counsel. Id.

## CONCLUSION

For all of the foregoing reasons, the motion for judgment by default should be granted.

Dated: New York, New York
       January 31, 2006

By: _____
    Cynthia S. Arato (CA 8350)
    Olga L. Fuentes (OF 6956)

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
47th Floor
New York, New York 10166-0193

Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Plaintiff Warner Bros. Records Inc.